UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENDURANCE ASSURANCE CORPORATION,

                Plaintiff,

-against-

WHITLOCK & SHELTON CONSTRUCTION, INC.,
WHITLOCK & SHELTON ENTERPRISES, LLC,
WHITLOCK & SHLETON PROPERTIES, INC.,
ALVIN WHITLOCK, MISTY WHITLOCK, SCOTT
SHELTON and TARYN SHELTON,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/13/2021

19 Civ. 9796 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    In this action for breach of contract against Defendants, Whitlock & Shelton Construction, Inc., Whitlock & Shelton Enterprises, LLC, Whitlock & Shelton Properties, Inc., Alvin Whitlock, Misty Whitlock, Scott Shelton, and Taryn Shelton, Compl., ECF No. 1, on May 20, 2020, Plaintiff, Endurance Assurance Corporation, moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55, ECF No. 48.  For the reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part.

    I.    Background

    On August 28, 2018, Plaintiff, a reinsurance corporation, entered into an agreement with Defendants, a construction contracting business and individual indemnitors, which states that the Plaintiff would issue certain surety bonds on behalf of Whitlock & Shelton Construction, Inc. in favor of Plaintiff as indemnitee (the "Indemnity Agreement").  Indemnity Agreement, ECF No. 1-1 at 1, 10–11; Compl. ¶ 13.  Plaintiff issued performance and payment bonds on behalf of Defendants to the Cado Fire District No. 1, Compl. ¶¶ 20–21, performance, payment, and maintenance bonds on behalf of Defendants to the Bossier Parish School Board, *id.* ¶¶ 22–24, and performance, labor, and material payment bonds on behalf of Defendants to the Shreveport Airport Authority, *id.* ¶¶ 25–27.

    On May 21, 2020, the Court issued an order directing Defendants to show cause why a default judgement should not be entered against it.  ECF No. 51.

    On June 17, 2020, Plaintiff's counsel filed a certificate of service attesting that the following documents were served on Defendants by Federal Express:

    1.  Order to show cause, ECF No. 51;
    2.  Declaration of Plaintiff's counsel, with attached exhibits, ECF No. 49; and
    3.  Declaration of Plaintiff, with statement of proposed damages, ECF No. 50.

ECF Nos. 52, 52-4.

   II.   <u>Liability</u>

The Court finds that Defendants defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause. Fed. R. Civ. P. 55(a). When a default occurs, the Court deems the well-pleaded factual allegations set forth in the complaint relating to liability as true. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992).

Plaintiff asserts a claim for breach of contract. To prevail on this claim on default judgment, Plaintiff must have sufficiently alleged "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13 Civ. 5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (quoting *Diesel Props S.r.l. v. Greystone Bus Credit II LLC*, 63 F.3d 42, 52 (2d Cir. 2011)). Here, Plaintiff alleges the existence of an agreement, and that Plaintiff performed all of its duties thereunder. Compl. ¶¶ 13–27. Plaintiff also sufficiently alleges that Defendants breached the agreement by failing to indemnify Plaintiff for the losses it incurred in connection with executing bonds on Defendants' behalf. *Id.* ¶ 31. Accordingly, Plaintiff is entitled to judgment on its breach of contract claim.

   III.   <u>Damages</u>

After establishing liability, courts conduct an inquiry to ascertain the damages "with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcanture*, 183 F.3d 151, 155 (2d Cir. 1999). Courts can make this determination based on affidavits as long as there is a basis for the damages sought. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks $818,345, plus interest, in compensatory damages. Pl. Decl. ¶¶ 15–17; ECF No. 50-2. In breach of contract actions in New York, damages are generally measured at "the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (citation omitted). Plaintiff has submitted evidence, in the form of an itemized loss report, that had Defendants performed on the contract, they would have paid Plaintiff $818,345 for services rendered. ECF No. 50-2. Plaintiff also submitted evidence that parties agreed to a 9% interest rate per annum in the event of any loss. Indemnity Agreement ¶ 4.3.

Accordingly, Plaintiff's request for $818,345 in damages representing the sum of various loss amounts is GRANTED. Plaintiff is also entitled to 9% interest accruing from the date of breach of each loss amount until the date of this judgment. Plaintiff is directed to submit a detailed schedule to the Court calculating the amount of interest sought.

IV. <u>Equitable Relief</u>

Plaintiff also seeks an order requiring Defendants to allow Plaintiff to review Defendants' books and records, ECF No. 49 ¶¶ 37–39, pursuant to the Indemnity Agreement, which states that the Plaintiff must be given "unrestricted access" to Defendants' "financial statements, books, and/or accounts[,]" Indemnity Agreement ¶ 3.6. However, "before the 'extraordinary' equitable remedy of specific performance may be ordered, the party seeking relief must demonstrate that remedies at law are incomplete and inadequate to accomplish substantial justice." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 262 (2d Cir. 2002); *see La Mirada Prods. Co., Inc. v. Wassall PLC*, 823 F. Supp. 138, 141 (S.D.N.Y. 1993) ("[S]pecific performance may be ordered, if the assessment of monetary damages is impractical or too speculative."). Plaintiff does not explain why damages are insufficient to remedy Defendants' breach, and Plaintiff is able to calculate the amount of money owed to it with specificity.

Accordingly, Plaintiff's request to inspect Defendants' books and records is DENIED.

V. <u>Interest</u>

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961(a) (footnote omitted).

Here, the Court is granting a default judgment—that is, a money judgment in a civil case. Therefore, Plaintiff is entitled to post-judgment interest on the judgment at the statutory rate.

VI. <u>Conclusion</u>

Accordingly, Plaintiff's motion for default judgment is GRANTED in part and DENIED in part. Plaintiff is awarded $818,345 in damages and post-judgment interest. By **September 27, 2021**, Plaintiff shall submit a detailed schedule calculating pre-judgment interest from the date of breach of each loss amount at a rate of 9% per annum.

SO ORDERED.

Dated: September 13, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge